Pearson, C. J.
 

 A corporation has no actual residence, •and no residence, in contemplation of law, is given to the defendant by statute. The allegation of the residence of the president and other officers, set out in the plea, is immaterial, and has no bearing on the question of jurisdiction. Eor the officers are not parties to the action, and the reference made to them in the statute, is merely for the sake of providing a mode for the service of process, and does not affect the question of venue. It follows that the suit was properly instituted in the county where the plaintiff resides, and that the court of pleas and quarter sessions of that county had jurisdiction. There is, consequently, no error in so much of the judgment of the Superior Court as sustains the demurrer, and requires the defendant to answer over.
 

 But this Court is of opinion there is error in that part of the judgment which directs a writ of
 
 jproeedendo
 
 to issue to the county court.
 

 It is settled that where the judgment of the county court is final, so as to put an end to the case, so far as that court is concerned, under our statutory provisions in regard to appeals from the county to the superior courts, the appeal brings up the case and so constitutes it in the superior court, that all further proceedings are to be had in that court;
 
 Shaffer
 
 v.
 
 Fogleman,
 
 Busb. Rep. 280;
 
 Russell
 
 v.
 
 Saunders, 3
 
 Jones’ Rep. 432 ; for, as the case is out of the county court, no legitimate purpose can be answered by sending it back; inasmuch as, after a trial there, either party would again have the right of appeal; by which the ease would be brought back to the •superior court, where there would be a trial
 
 de novo,
 
 treating the -whole proceeding in the county court as vacated by the •appeal, which circfuity would, of course, be attended with ■delay and useless expense.
 

 It was said, on the argument, as the county court erred in refusing to take jurisdiction, the proper way to correct the
 
 *502
 
 error is to send the case back; for, unless- that be done, the plaintiff will be deprived of the fruits of his appeal, and the position was assumed that a case should always be sent back where it was not tried on its merits in the county court.— "We think the proposition is laid down too broadly. By entertaining the suit in the superior court, the error of the county court is corrected, and the plaintiff has the fruits of his appeal by having a suit commenced on the day the writ issued, and by having the case treated as if it had been instituted in the county court, and lie is put in the same plight and condition as if there had been a trial in that court oil the merits, and an appeal to the superior court. Suppose any other plea in abatement — one for a misnomer, for instance,, had been sustained, or suppose on the trial of the general' issue, a witness for the plaintiff had been rejected and thereupon he had submitted to a nonsuit and appealed, he could, with the like reason, insist that the only proper way to correct the error is to send the ease back; and it could, with equal propriety, be asked
 
 cm l)ono f
 
 why incur the unnecessary delay and expense,, as a second appeal will vacate all that is done ?
 

 Per Curiam,,
 

 Judgment reversed.